UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN R. LEVINSON; RICHARD E. LAYTON; AND DR. R. LAYTON P.A. 401(K) PLAN | : : : |
| PLAINTIFF, | : CIVIL ACTION No. 3:09cv269(VLB) |
| v. | : |
| WESTPORT NATIONAL BANK; DEFENDANT. | : : |
| ------------------------------------------------X | |
| AUDREY SHORT, INDIVIDUALLY AND FAYE SHORT, INDIVIDUALLY AND AS TRUSTEE FOR THE FAYE S. ALBERT RETIREMENT PLAN, ALBERT RETIREMENT PLAN. | : : : : : |
| PLAINTIFFS, | : CIVIL ACTION No.3:09-cv-1955(VLB) |
| v. | : |
| CONNECTICUT COMMUNITY BANK, N.A. DEFENDANT. | : : |
| ------------------------------------------------X | |
| SOL DAVIS, INDIVIDUALLY AND AS TRUSTEE OF THE SOL DAVIS RETIREMENT PLAN, ET AL. | : : : |
| PLAINTIFFS, | : CIVIL ACTION No. 3:10cv261(VLB |
| v. | : |
| CONNECTICUT COMMUNITY BANK, N.A. OWNER OF WESTPORT NATIONAL BANK DEFENDANT. | : JUNE 20, 2013 : : |
| ------------------------------------------------X | |

**ORDER OVERRULING PLAINTIFFS' OBJECTION TO DEFENDANT'S RESPONSE TO THE COURT'S MAY 31, 2013 ORDER [Dkt. 376]**

Plaintiffs' objection is denied as untimely, as it was not raised at the time of the Joint Trial Memorandum, as ordered by the Court.  [*Levinson* Dkt. 464, 488, 510; *Short* Dkt. 130, 154, 174; *Davis* Dkt. 111, 121, 266, 289.]  The Court has the

authority to manage its docket.  See *Jamison v. Fischer*, No. 11-civ.-4697, 2012 U.S. Dist. LEXIS 144307, at *18 (S.D.N.Y. Sept. 27, 2012) ("Courts have inherent authority to set and enforce deadlines for the management of litigation.") (citation omitted).  Both parties, to the extent that they did not raise objections in timely motions in limine as instructed by the Court, have waived their objections.  *Cf. Whitserve, LLC v. Godaddy.com, Inc.*, No. 3:11-cv-948, 2013 U.S. Dist. LEXIS 50620, at *10 (D. Conn. Apr. 8, 2013) (noting that a court has "substantial authority regarding the management of discovery") (citation omitted).  The parties are reminded that it is the Court's responsibility to charge the Jury on the law.  Experts may not reach legal conclusions in their testimony.  *See* Fed. R. Evid. 702; *Hygh v. Jacobs*, 961 F.2d 359, 363-64 (2d Cir. 1992); *Memorandum of Decision Granting in Part and Denying in Part Defendant's Motion in Limine, Levinson* Dkt. 456.  The Court reminds the parties that they should be guided by the limitations prescribed in Rule 702 of the Federal Rules of Evidence, and to prepare their witnesses accordingly.

                                              IT IS SO ORDERED.


                                              _____/s/_____
                                              Hon. Vanessa L. Bryant
                                              United States District Judge


Dated at Hartford, Connecticut: June 20, 2013